*In re* MURNANE *et al.*

(*Circuit Court, S. D. New York.* April 18, 1889.)

IMMIGRATION—BOARD OF COMMISSIONERS—DELEGATION OF POWERS.

The board of commissioners of emigration, who by act Cong. Aug. 3, 1882. are required to examine into the condition of immigrants, cannot delegate to a committee the power to determine whether such immigrants shall be permitted to land.

*Habeas Corpus* for the release of detained immigrants.
*Alfred Steckler*, for petitioners.
*Kelly & Macrae*, for Board of Emigration Commissioners.
*Abram J. Rose*, Asst. U. S. Atty., for Collector.

LACOMBE, J., (*orally.*) The return presented by the commissioners of emigration in this case was prepared so as to state a legal conclusion, it being contended in their behalf that the action of the Castle Garden committee, to whom by resolution they have undertaken to delegate their powers, is of the same legal effect as would be the action of the commissioners themselves. Their counsel, however, in open court, concedes that, except so far as said Castle Garden committee has taken action in regard to these immigrants, there has been no action had by the board of commissioners of emigration. That board, in fact, have not had a meeting since the arrival of relators, on April 10th. The next regular meeting day will be April 25th. Attention has been called to the decision of Judge BROWN in *Re Bracmadfar*, 37 Fed. Rep. 774. There, however, the present point was neither raised nor argued, and the suggestion at the close of the memorandum is wholly *obiter*. The second section of the act of August 3, 1882, requires the determination as to the condition of immigrants to be had by the board of commissioners. For the purpose of enabling and assisting them to make such examination, they are authorized, either individually or through persons whom they may appoint, to go on board any ship or vessel bringing immigrants to this port, but this permission is not to be construed as authorizing them to delegate to any persons other than themselves the important functions—*quasi* judicial in their character—which are by that act confided to them. Of course, a reasonable time should be allowed the commissioners of emigration to examine into the facts, which they may gather either by their own observation as a body, or by their individual exertions, or from the reports made to them by the agents they may employ. It is hard to say in advance what in each particular instance should be considered a reasonable time, but in view of the fact that their action in this particular case has been framed to meet the suggestion contained in the case above cited, and that a meeting of the commissioners at which action can be had will take place within a week, and that their agents have already reported to them adversely to the application of the relators in this case, a delay until the

day after such meeting of the commissioners will not be unreasonable. The relators will therefore be remanded, and further proceedings upon this writ suspended, until the 26th of April, at 11 A. M.